

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MATTHEW NADOLECKI,

                         Plaintiff,                     **ORDER**
                                                                      09 CV 3888 (SJF) (ETB)

                    - against -

NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; ANTHONY VANO, in his official capacity and
individually; THOMAS VARGHESE, in his official capacity
and individually; GREGORY WILEY, in his official capacity
and individually; WILLIAM WHELTHY, in his official
capacity and individually; RICHARD GAMBINO, in his
official capacity and individually; DEBORAH S. DAMMER,
in her official capacity and individually; BARBARA L.
SEVERANCE, in her official capacity and individually;
REACHEL COMBS, in her official capacity and individually;
NONIE MANION (a.k.a. HONORA MANION), in her official
capacity and individually; MARK VOLK, in his official
capacity and individually; and ELLEN MINDEL, in her
official capacity and individually,

                         Defendants.

-----------------------------------------------------------------X

FEUERSTEIN, J.

On September 1, 2009, *pro se* plaintiff initiated this action against the New York State Department of Taxation and Finance, Anthony Vano, Thomas Varghese, Gregory Wiley, William Whelthy, Richard Gambino, Deborah S. Dammer, Barbara L. Severance, Reachel Combs, Nonie Manion, Mark Volk and Ellen Mindel (collectively "defendants") alleging employment discrimination pursuant to Title VII of the Civil Rights act of 1964, codified at 42 U.S.C. § 2000e *et. seq.* (as amended) and the Americans with Disabilities Act of 1990, codified at 42 U.S.C. § 12112

1

*et. seq.* (as amended). On July 12, 2010, defendants moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On July 19, 2010, plaintiff filed an amended complaint, and the motion to dismiss was subsequently denied as moot.

On January 15, 2011, defendants moved to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6). Pursuant to a referral, Magistrate Judge E. Thomas Boyle issued a Report and Recommendation on May 17, 2011 (the "Report") which recommended that defendants' motion be granted. No objections have been filed to the Report. For the reasons stated herein, the Report is accepted in its entirety.

I. Discussion

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." Johnson v. Connolly, No. 9:07-CV-1237, 2010 WL 2628747, at *1 (N.D.N.Y. Jun. 25, 2010). See also Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review"). The court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper

objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Baptichon v. Nevada State Bank, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), affd, 125 F. App'x. 374 (2d Cir. 2005); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

No objections have been filed to Magistrate Boyle's Report. The report clearly states that any written objections to the Report must be filed within fourteen (14) days of service of the Report and cites to 28 U.S.C. § 636(b)(1) and Rules 6(a), 72(b). *See* Report at 26. On May 31, 2011 plaintiff filed a letter stating that he was "in receipt" of the Report and seeking a sixty (60) day extension to file written objections, which was denied. *See* ECF Nos. 46-47.

Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts and adopts the Report as an Order of the Court.


II.     Conclusion


For the foregoing reasons, defendants' motion to dismiss is granted. The Clerk of the Court

is directed to close this case.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: June 15, 2011
      Central Islip, New York